UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBYN FINKENTHAL KULBARSH, *as Administrator of the Estate of Marlene S. Finkenthal (Deceased)*,<br><br>Plaintiff,<br><br>v.<br><br>MONTEFIORE, *et al.*,<br><br>Defendants. | Case No. 1:23-cv-01183<br><br>Judge J. Philip Calabrese<br><br>Magistrate Judge<br>James E. Grimes Jr. |

## OPINION AND ORDER

Plaintiff Robyn Finkenthal Kulbarsh brings State-law claims for survival and wrongful death against a nursing home, its owners, administrators, and nurses. (ECF No. 1-2, ¶¶ 1–35, PageID #13–20.) For the second time, the nursing home and its owners removed Plaintiff's action to federal court. (ECF No. 1.) For the reasons that follow, the Court determines that it lacks jurisdiction and will **REMAND** this action to State court.

### BACKGROUND

As the administrator of her mother's estate, Plaintiff filed this lawsuit in State court in October 2021. (ECF No. 1-2, PageID #11.) She brings two claims under State law: (1) survival and (2) wrongful death. (*Id.*, ¶¶ 1–35, PageID #13–20.) Plaintiff alleges that Defendants failed to protect against Covid-19 through various acts, which

caused her mother's death. (*See, e.g., id.*, ¶¶ 1, 10, 13, 24 & 32, PageID #13–14, #15–16, #18 & #20.)

Defendants timely removed the case to federal court. (Notice of Removal, *Kulbarsh v. Montefiore*, No. 1:21-cv-2105 (Nov. 5, 2021), ECF No. 1; Notice of Consent to Removal, *Kulbarsh v. Montefiore*, No. 1:21-cv-2105 (Nov. 9, 2021), ECF No. 11; Notice of Removal, *Kulbarsh v. Montefiore*, No. 1:21-cv-2125 (Nov. 8, 2021), ECF No. 1.) Defendants removed on the basis that the Public Readiness and Emergency Preparedness Act of 2005, 42 U.S.C. §§ 247d-6d & 247d-6e, preempts Plaintiff's claims, at least for jurisdictional purposes, such that the Court has federal question jurisdiction. In a separate notice of removal, Defendant Ariel Hyman raised similar arguments but added that jurisdiction existed under 28 U.S.C. § 1442(a)(1), the federal officer removal statute.

In an Opinion and Order dated December 27, 2021, the Court addressed the PREP Act as a basis for jurisdiction based on Plaintiff's allegations. *See Singer v. Montefiore*, 577 F. Supp. 3d 633 (N.D. Ohio 2021). The Court agreed, and remains of the view, that the PREP Act provides a rare example of a federal statute that completely preempts State-law claims. *Id.* at 640. Nonetheless, Plaintiff's claims did not fall within the scope of this complete preemption because Defendants did not demonstrate that Plaintiff relied on a covered countermeasure. *Id.* at 641–43. Indeed, Defendants presented "[nothing] more than conclusory arguments" that the measures at issue met the statute's definitions of the types of countermeasures that result in complete preemption. *Id.* at 643. Also, Defendants' arguments relying on

the federal officer removal statute failed. *Id.* at 643–44. The Court held that Defendants did not show that they *acted under* a federal officer, as Section 1442(a)(1) requires. *Id.* At most, Defendants complied with regulatory actions recommended or directed by federal officials. *Id.*

On appeal, the Sixth Circuit held that it lacked jurisdiction because Defendants' initial notice of removal invoked only 28 U.S.C. § 1441(a). *Singer v. Montefiore*, No. 22-3083, 2022 WL 17177322, at *2 (6th Cir. Nov. 21, 2022). It made no difference that Defendant Hyman later filed a notice of removal relying on Section 1442(a)(1) "because the case had already been removed to federal court." *Id.*

Following remand to State court, the nursing home and its owners served Plaintiff requests for admissions. (*See* ECF No. 1-4.) The removing Defendants focus on Plaintiff's response to Request for Admission No. 1 and maintain that it establishes grounds for removal. (ECF No. 1, ¶¶ 12–13 & 25–26, PageID #3 & #5.) That request and Plaintiff's response read as follows:

> **REQUEST NO. 1:**
>
> Admit you do not allege that Defendants falsified, tampered with, or improperly administered any COVID-19 diagnostic tests that were approved or authorized for emergency use by the federal Food and Drug Administration.
>
> ANSWER: Admit that Plaintiff does not allege Defendants improperly administered any COVID-19 diagnostic tests that were approved or authorized for emergency use by the federal Food and Drug Administration. Deny the remainder of this Request for Admission.

(ECF No. 1-4, PageID #63.) Requests for Admissions Nos. 6 to 10, which the removing Defendants also cite (ECF No. 1, ¶¶ 11 & 20, PageID #3 & #4), focus on Plaintiff's

3

admission that the complaint alleges willful misconduct (*see* ECF No. 1-4, PageID #64–65).

## ANALYSIS

The Court has an independent obligation to ensure its jurisdiction. *See, e.g.*, *Nikolao v. Lyon*, 875 F.3d 310, 315 (6th Cir. 2017) (citations and quotations omitted); *Mercurio v. American Express Centurion Bank*, 363 F. Supp. 2d 936, 938 (N.D. Ohio 2005). Consistent with that obligation, it assesses whether this case was properly removed under 28 U.S.C. §§ 1441(a) and 1442(a), as the removing Defendants contend. (ECF No. 1, ¶¶ 12, 13, 25 & 26, PageID #3 & #5.) As the parties invoking federal jurisdiction, the removing Defendants bear the burden of establishing federal jurisdiction. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. General Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993)).

### I. The PREP Act

The removing Defendants rely on the Court's prior analysis that the PREP Act completely preempts Plaintiff's claims, making removal appropriate under Section 1441(a). (*Id.*, ¶¶ 12 & 18–25, PageID #3 & #4–5.) In its previous ruling, the Court discussed, at length, the Act's text, relevant definitions, and effect. *See Singer*, 577 F. Supp. 3d at 639–43.

Without repeating that analysis, a few points bear repeating. First, based on its text and structure, the PREP Act appears to fall into the narrow class of statutes that completely preempts a particular field. *Id.* at 640. Second, to determine whether the PREP Act's preemption applies here, the Court considers whether Plaintiff's claims relate to a "covered countermeasure." *Id.* After all, the path to the exception

4

in Section 247d-6d(d)—for death or serious physical injury proximately caused by willful misconduct—runs through Section 247d-6d(a), which requires a covered countermeasure. *Id.*

As relevant here, the Secretary of the Department of Health and Human Services identified the following covered countermeasures: any diagnostic or other device used to diagnose, prevent, or mitigate Covid-19 or transmission of the SARS-CoV-2 virus. *Id.* at 641 (citing Declaration Under the PREP Act for Medical Countermeasures Against COVID-19, 85 Fed. Reg. 15,198, 15,202 (Mar. 17, 2020)). Further, the Secretary required that covered countermeasures be "qualified pandemic or epidemic products," "security countermeasures," or devices authorized for investigational or emergency use, as defined in the PREP Act, the Food, Drug, and Cosmetic Act, and the Public Health Service Act. *Id.*

Previously, the Court held that Defendants failed to carry their burden, as the parties invoking federal jurisdiction, of showing that Plaintiff bases her claims on a covered countermeasure. *Id.* at 641–43. The removing Defendants contend that they have resolved that deficiency. (ECF No. 1, ¶ 12, PageID #3.)

Defendants primarily rely on Plaintiff's answer to Request for Admission No. 1. (*See id.*, ¶ 10, PageID #2–3.) According to the removing Defendants, in that response, Plaintiff clarifies that she alleges Defendants falsified and/or tampered with tests *approved or authorized* for emergency use. (*Id.*)

Contrary to the removing Defendants' argument, the record today does not materially differ from its condition at the time of the first removal. When originally

5

removed in 2021, Defendants relied on the allegations in Plaintiff's complaint. Today, they add her responses to the requests for admissions. But those requests ask only what Plaintiff "*alleges*." They do not ask Plaintiff to admit or deny material facts that would change the analysis for purposes of complete preemption under the PREP Act. In other words, in 2021 the complaint made certain allegations, which failed to establish federal jurisdiction. Today, Plaintiff admits that she makes those allegations. Nothing has changed. She made the same allegations at the outset of the case. Accordingly, the Court's reasoning remanding this action remains the same too.

## II. Federal Officer Removal

Unlike the first time they removed, the removing Defendants also argue that removal is appropriate under the federal officer removal statute. (ECF No. 1, ¶¶ 13 & 26, PageID #3 & #5.) Under 28 U.S.C. § 1442(a), certain officers of the United States may remove actions to federal court. To do so, a defendant must meet three requirements: (1) he must be a person within the meaning of the statute who acted under the United States, its agencies, or its officers; (2) who is sued for or relating to any act under color of his office; and (3) he must raise a colorable federal defense to the claims. 28 U.S.C. § 1442(a)(1); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1085 (6th Cir. 2010) (citations omitted). Private parties may invoke the federal officer removal statute if they can show that they satisfy these requirements. *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007).

The first requirement contains two components. First, it requires that a defendant be a "person" within the meaning of the statute. As used in

6

Section 1442(a), the term "person" includes non-natural entities and corporations, such as the removing Defendants here. *Bennett*, 607 F.3d at 1085 (citations omitted). Second, that person must have "acted under" the United States, its agencies, or its officers. That phrase is broad and receives liberal construction. *Watson*, 551 U.S. at 147. Even so, complying with federal laws and regulations does not amount to "acting under" a federal officer, even for a private party whose "activities are highly supervised and monitored" under detailed regulations. *Id.* at 153. To avail themselves of the statute, then, private parties must show that their actions "involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior." *Id.* at 152.

Relying again on Plaintiff's response to Request for Admission No. 1, the removing Defendants contend they are federal officials because they engaged in a "recommended activity." (ECF No. 1, ¶¶ 13 & 26, PageID #3 & #5.) For purposes of this removal, the Court assumes that the prior positions these Defendants took in the first removal do not estop them from claiming now that removal is appropriate under the federal officer removal statute. Nonetheless, the Court questions the propriety of the same parties seeking a second bite at the removal apple to correct their procedural error that resulted in dismissal of their appeal from the Court's prior remand ruling. As the Sixth Circuit pointed out, Defendants did not invoke Section 1442(a) in their initial notice of removal. *Singer*, 2022 WL 17177322, at *2.

Further, Defendants served *no* request for admission directed at any fact providing a basis for federal officer removal. Accordingly, the record as a whole leaves

7

little doubt that these Defendants assert this ground for removal solely for purposes of taking an appeal from another remand order. *See Singer*, 2022 WL 17177322, at \*2 (dismissing Defendants' prior appeal because it invoked only Section 1441(a)). Such abusive gamesmanship undermines the ends of justice and, standing alone, warrants remand.

On the merits, this argument provides no basis for removal. In its previous ruling, the Court found that, at most, Defendants complied with detailed regulations and orders during the Covid-19 pandemic. *Singer*, 577 F. Supp. 3d at 643–44. The moving Defendants' allegation that Plaintiff asserts that they engaged in a "recommended activity" does not transform such compliance into assistance that provides a basis for removal under the statute. Accordingly, the Court finds that Plaintiff's case is not removable under Section 1442(a)(1).

## CONCLUSION

For the foregoing reasons, the Court determines that it lacks jurisdiction over Plaintiff's claims and will **REMAND** the case to State court following the time for appeal. In deferring the effect of this remand order, the Court reminds the parties that removals lacking an objectively reasonable basis "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008) (applying 28 U.S.C. § 1447(c)). Further, under Rule 11(b)(1), no paper may be presented to a court for any improper purpose, including unnecessary delay.

**SO ORDERED.**

Dated: June 20, 2023

                                        */s/ J. Philip Calabrese*

                                        J. Philip Calabrese
                                        United States District Judge
                                        Northern District of Ohio